EXPARTE STOCKMAN et al.

Partitions of succession property in which a minor is interested, can only be made by the court in which the succession was opened.   C. P. 924 § 14, 1020, 1022.

APPEAL from the District Court of St. Landry, *Overton*, J.   *Greiner*, for the appellants.

The judgment of the court was pronounced by

EUSTIC, C. J.   The heirs of *Margaret Duffin*, deceased, whose succession was opened in New Orleans, in 1831, applied to the court of the Fifteenth Judicial District, for an order of sale and partition of certain real estate, situated in the parish of St. Landry.   One of the heirs of the deceased is a minor, and not represented.   She did not join in the application.   The property came to *Margaret Duffin*, from the succession of *Thomas Bledsoe*, deceased, who died in the parish of St. Landry in 1811, and was inventoried as part of his succession. The application was based on the idea that, the property still formed a portion of the succession of *Bledsoe ;* but the judge considered that it was a part of the succession of *Margaret Duffin*, and that succession being opened and under administration in the parish of Orleans, the court of the Fifteenth District had no jurisdiction over the case ; and he dismissed the application.

Article 1020 of the Code of Practice provides that, the partition of a succession, in which a minor is interested, shall be made by judicial authority ; and, by article 1022, partitions of succession property are to be made by the courts of probate of the place where the succession is opened.   Article 924 § 14 gives to courts of probate exclusive power to ordain and regulate all partitions of succession in which minors are interested.

The general jurisdiction vested in the District courts by the constitution we do not think makes any change in those articles of the Code of Practice, which give to the court in which the succession is opened exclusive jurisdiction over the mortuary proceedings, and those which the Code requires to be conducted before the tribunal seized of the jurisdiction of the succession.

If there be any persons having any interest in the succession of *Bledsoe*

---

* A second case, between the same parties, was remanded at the same time, and for the same reasons.

adversely to the heirs of *Margaret Duffin*, the law has made abundant provision for their security. They can require a separation of the effects of that succession from that of *Margaret Duffin*, and have them applied to the exclusive benefit of the creditors of the succession of *Bledsoe*. Civil Code, arts. 1370, 1397, 1398, 1404, 1406.

From the examination we have been enabled to give to this case, we have come to the conclusion that, the judge was warranted in declining to act on this application, and that the District Court of New Orleans, in which the mortuary proceedings of the succession of *Margaret Duffin* are now pending, is the proper tribunal to act on the matters set forth in the petition of the parties.

*Judgment affirmed.*